IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA §
§
§
v. §                               Cause No. 4:12CR155
§
§
ANSON CHI §                        [Filed Under Seal]

## DEFENDANT'S AMENDED SENTENCING MEMORANDUM

ANSON CHI ("Chi"), Defendant In Pro Per, respectfully submits his Amended Sentencing Memorandum for the following reasons:

1. Chi's original Sentencing Memorandum (Dkt. 170) was filed on September 2, 2014, and many things have changed since then. In light of so many new events that have taken place since that time, please allow Chi to amend his original Sentencing Memorandum.

2. Chi's original Sentencing Memorandum was filed before the Presentence Investigation Report was released on December 23, 2014. Please consider

1

this in allowing Chi to amend his original Sentencing Memorandum in response to the PSR.

3. Since September 2, 2014 Chi has new information and evidence crucial to this case that need to be added to his Sentencing Memorandum. All new information and evidence are added later in this Amended Sentencing Memorandum.

For the foregoing reasons please permit Chi to amend his original Sentencing Memorandum.

Chi adds the following:

4. After this Honorable Court reads Chi's original Sentencing Memorandum, please consider and apply USSG § 4A1.3(b)(1) (Downward Departures Based on Inadequacy of Criminal History Category) toward his Guidelines.

5. When this Honorable Court considers and applies all of the 18 U.S.C. § 3553(a) factors, please focus on the very low probability of recidivism (18 U.S.C. § 3553(a)(2)(C)), and that the Guidelines sentence is greater than necessary in my

2

case, so please lower the sentence — a lot!
For these reasons, to assist this Court in finding the least sentence sufficient to account for the need to protect the public from further crimes of the defendant, the Revised PSR should be amended to include information about Mr. Chi's lesser statistical risk of recidivism.

6. Chi's future plans after getting out include getting his second bachelor's degree, a master's degree, and a Ph.D. Chi needs proper medical treatment for his severe permanent torture injuries. Chi plans to do a lot of volunteer work and plans to be actively involved in community service. Chi wants to improve his relationship with his family. Chi wants to make new friends. Chi just wants to turn his life around, and put his past behind him.

7. Section IV of Chi's original Sentencing Memorandum talks about character reference (supportive) letters. Chi filed 5 character reference (supportive) letters with this Honorable Court in March 2015. They support ¶ 6 above. Please consider them in lowering the sentence.

8. Attached is Exhibit 1, documents and pictures that prove no "destructive devices" were ever "found in his home." (See Sections II(A)(6) and II(A)(8) of Chi's Objections to the Addendum to the Revised PSR for complete details.) The probation officer made up fake "destructive devices" because she had no evidence for the terrorism sentencing enhancement (USSG § 3A1.4). (See Section II(A)(10) of Chi's Objections to the Addendum to the Revised PSR.) The probation officer lied about Chi's homemade laundry detergent and glass jug of distilled water as being the (fake) "destructive devices." The probation officer lied because there is no "federal crime of terrorism" and there never was "a federal crime of terrorism" in this case. This is just all one deceptive scheme by the U.S. Probation Office (the Government). Fabrication of false evidence is illegal and must be punished by removing the terrorism sentencing enhancement.

9. Attached is Exhibit 2, proof of Chi being a Precinct Chairman of Precinct 149 for Travis County, Texas, which proves that he is not against the government, that he is not against paying taxes, and that he is a staunch Republican

4

just like the Honorable Judges of the Eastern District of Texas and the Fifth Circuit Court of Appeals.

10. Attached is Exhibit 3, documents that prove Chi filed several income tax returns and paid his income taxes after the year 2007 (the year the YouTube.com video was released), along with more documents that prove Chi's mother Fai Tsui Chi paid his income taxes after the year 2012 (the year Chi was incarcerated and held captive since that time). The above and foregoing documents support Section II(A)(3) of Chi's Objections to the Addendum to the Revised PSR.

11. Attached is Exhibit 4 the "old library books" that have nothing to do with "a federal crime of terrorism," thus they have nothing to do with the terrorism enhancement. See Sections II(A)(1) and II(A)(2) of Chi's Objections to the Addendum to the Revised PSR.

12. Attached is Exhibit 5 medical records that prove Chi suffered severe permanent injuries from the blast and police torture.

5

These medical records support Section II(B)(3) of Dkt. 170.

13. Attached is Exhibit 6, proof that Chi is a college student at the University of Texas at Dallas. This tuition statement supports Section II(B)(2) of Dkt. 170.

14. Chi respectfully reminds this Honorable Court to impose the "specific intent requirement" when considering the terrorism enhancement before sentencing. See Section II(A) of Chi's Objections to the Second PSR (Dkt. 173).

WHEREFORE, PREMISES CONSIDERED, please accept and consider this Amended Sentencing Memorandum for sentencing.

Respectfully submitted,

ANSON CHI
Signed on April 4, 2015.

CERTIFICATE OF SERVICE

6

**A**NSON CHI has mailed a notice of
this Amended Sentencing Memorandum to **M.**
Andrew Stover, the lead prosecutor on April
9, 2015.

ANSON CHI
Jailhouse Lawyer

**7**