**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:12-cr-155 |
| | § | |
| ANSON CHI, | § | |
| *Defendant.* | § | |

<u>**ORDER ON DEFENDANT'S PENDING MOTIONS**</u>

Pending before the court are ten motions filed by the Defendant, including Defendant's "Motion to Sanction Garland Don Cardwell" (Dkt. 174), Mr. Cardwell's Response (Dkt. 185), and Defendant's Reply (Dkt. 187); Defendant's "Motion for Hearing to Obliterate Spurious Terrorism Enhancement" (Dkt. 175); Defendant's "Motion to Withdraw Involuntary Guilty Plea—The 5-Year Sentence" (Dkts. 176-178); Defendant's "Motion to Stop Deferring Defendant's Motions" (Dkt. 182) and Defendant's "Memorandum of Law in Support of Defendant's Motion for a Preliminary Injunction and a Temporary Restraining Order" (Dkt. 186); Defendant's "Declaration in Support of Motion to Recuse the Honorable Richard A. Schell" (Dkt. 191); Defendant's "Motion for Evidentiary Hearing Prior to Sentencing" (Dkt. 192); Defendant's "Motion for Independent Medical Examination of Defendant's Severe Permanent Torture Injuries" (Dkt. 193); Defendant's "Motion to Reset and Continue Date of Sentencing Hearing" (Dkt. 194); and Defendant's "Motion to Disqualify and Exclude All Information and Evidence From the Old Postplea Debriefing" (Dkt. 195).

For the reasons set forth herein, Defendant's "Motion to Sanction Garland Don Cardwell" (Dkt. 174) is **DENIED**; Defendant's "Motion for Hearing to Obliterate Spurious Terrorism Enhancement" (Dkt. 175) is **GRANTED, with the hearing to be held as part of the**

sentencing hearing; Defendant's "Motion to Withdraw Involuntary Guilty Plea – The 5 – Year Sentence" (Dkt. 176) is pending, and **a hearing on the motion is GRANTED to be held immediately before the sentencing hearing**; Defendant's "Motion to Stop Deferring Defendant's Motions" (Dkt. 182) is **DENIED as moot based upon this and previous orders;** Defendant's "Memorandum of Law in Support of Defendant's Motion for a Preliminary Injunction and a Restraining Order", which was docketed as a motion, (Dkt. 186) is **DENIED;** Defendant's "Declaration of Support of Motion to Recuse the Honorable Richard A. Schell", which was docketed as a motion to recuse, (Dkt. 191) is **DENIED;** Defendant's "Motion for Evidentiary Hearing Prior to Sentencing" (Dkt. 192) is **DENIED**. As with the Defendant's "Motion for a Hearing to Obliterate Spurious Terrorism Enhancement" (Dkt. 175), this motion for an evidentiary hearing restates the Defendant's objection to paragraph 34 of the Presentence Report regarding terrorism and will be addressed at the Defendant's sentencing hearing, as is commonly done with objections to the Presentence Report, rather than prior to the sentencing hearing. Defendant's "Motion for Independent Medical Examination of Defendant's Severe Permanent Torture Injuries" (Dkt. 193) is **DENIED;** Defendant's "Motion to Reset and Continue Date of Sentencing Hearing" (Dkt. 194) is **GRANTED**; and Defendant's "Motion to Disqualify and Exclude All Information and Evidence from the Old Postplea Debriefing" (Dkt. 195) is **DENIED**.

In his "Motion to Sanction Garland Don Cardwell" (Dkt. 174), Defendant asks the court to sanction Mr. Cardwell, standby defense counsel, for disclosing Defendant's presentence report to Defendant's mother without Defendant's permission. Mr. Cardwell responds that he has been in communication with the Defendant's mother since he was appointed standby counsel in this case, and that Defendant never previously objected to the interaction. Since reviewing

Defendant's motion for sanctions, Mr. Cardwell has requested that Defendant's mother return the copy of the presentence report that she was provided, and she did. Defendant asks the court to sanction Mr. Cardwell and "give Chi lots of money" and supplements it with a complaint about the food he is being served at the Fannin County Jail that he believes may be poisoning him.

In his reply, the Defendant further alleges that Mr. Cardwell gave the PSR to Defendant's mother in order to assist the Government in convicting the Defendant. The court is familiar with Mr. Cardwell's professionalism and his skill in representing criminal defendants. Mr. Cardwell was appointed by the court as standby counsel for the Defendant to assist him. The Defendant has in fact consulted with Mr. Cardwell on the record, including at his change of plea hearing on June 30, 2014. The court finds Defendant's motion (Dkt. 174) to sanction Mr. Cardwell for communicating with the Defendant's mother when the Defendant had never previously objected to such communication to be without merit and it is accordingly **DENIED**.

Next, in his "Motion for a Hearing to Obliterate Spurious Terrorism Enhancement" (Dkt. 175), Defendant asks the court for a "hearing to obliterate the spurious terrorism enhancement" (Dkt. 175, 192) and points the court to *U.S. v. Wright*, 747 F.3d 399, 406 (6th Cir. 2014) where "[t]he district court . . . held a hearing pertaining to the terrorism enhancement and issued a memorandum opinion and order" regarding the application of the terrorism enhancements to the defendants. Defendant did not provide the court with any other argument in his motion for a "hearing to obliterate the spurious terrorism enhancement." He subsequently filed his Motion for Evidentiary Hearing Prior to Sentencing (Dkt. 192). The Government has not filed a response to either motion.

Defendant's motion (Dkt. 175) requesting a hearing related to his objection to the application of 3A1.4 of the U. S. Sentencing Guidelines is **GRANTED** and will be conducted as

part of the sentencing hearing as is done with almost all objections. The Defendant's "Motion for

an Evidentiary Hearing Prior to Sentencing" (Dkt. 192) is **DENIED**. Both Defendant and the

Government will be given an opportunity at the sentencing hearing to address the matters in the

final presentence report and the objections to that report that have been filed. The court will

allow evidence to be presented, but the parties will be limited to presenting evidence relevant

only to those issues raised by the presentence report, including the terrorism enhancement.

The Defendant also moves to withdraw his guilty plea in his "Motion to Withdraw

Involuntary Guilty Plea - The 5 – Year Sentence" (Dkts. 176-178). The Government has not filed

a response to date. Chi alleges that "numerous parties conspired to make him sign in order to

cover up all of the misconduct in this case . . . ." Dkt. 176 at 1. Chi entered his guilty plea on

June 30, 2014 at the end of the first day of his trial and after a jury was selected in this case.

"There is no absolute right for a defendant to withdraw a plea. However, a defendant may

withdraw a guilty plea after the district court has accepted it but prior to sentencing if [he] 'can

show a fair and just reason for requesting the withdrawal.'" *U.S. v. Urias-Marrufo*, 744 F.3d 361,

364 (5th Cir. 2014) (citing FED. R. CRIM. P. 11(d)(2)(B)). The court will assess the Defendant's

motion in accordance with *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). The court will

address Chi's motion to withdraw his guilty plea at the sentencing hearing and will hear

argument from the Government and Chi related to the *Carr* factors only, which are "(1) whether

or not the defendant has asserted his innocence; (2) whether or not the government would suffer

prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in

filing his withdrawal motion; (4) whether or not the withdrawal would substantially

inconvenience the court; (5) whether or not close assistance of counsel was available; (6)

whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources." *Id.*

Next, Defendant filed a "Motion to Stop Deferring Defendant's Motions" (Dkt. 182). Defendant "requests a ruling on all of [his motions] (starting with the one filed on September 2, 2014) . . . ." Dkt. 182 at 1. Defendant's September 2, 2014 motion (Dkt. 170) relates to his sentencing and will be addressed at the sentencing hearing. Furthermore, the court has not deferred considering the Defendant's motions. The Defendant has filed a lot of motions, and the court has many cases on its docket. Defendant's motion (Dkt. 182) is therefore **DENIED as moot** in light of this order disposing of most of Defendant's pending motions.

Next, Defendant filed a "Memorandum of Law In Support of Defendant's Motion for a Preliminary Injunction and a Temporary Restraining Order" (Dkt. 186). It simply reads "FANNIN COUNTY JAIL is still denying ANSON CHI access to its law library and will not allow him to make the legal calls he needs to make. Please grant the motion." Dkt. 186 at 1. On the same day that this document was received from Defendant, the court denied a similar motion. *See* Dkt. 183. On February 26, 2014, the court granted Defendant's oral motion for self-representation and "found that the Defendant knowingly and voluntarily waived his right to counsel and permitted the Defendant to represent himself." *See* Dkt. 69. "[H]aving rejected the assistance of court-appointed counsel, [Chi] ha[s] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *see also U.S. v. Jackson*, 452 F. App'x 545, 546 (5th Cir. 2011), *U.S. v. Whittington*, 269 F. App'x 388, 406 (5th Cir. 2008). The court again declines to open a new civil action based on this memorandum because Chi has failed to allege sufficient facts to show more than a

speculative right to relief or any actual injury. Defendant's motion for a preliminary injunction and a temporary restraining order (Dkt. 186) is **DENIED**.

In his "Declaration in Support of Motion to Recuse the Honorable Richard A. Schell" (Dkt. 191), which was docketed as a motion to recuse, the Defendant alleges that his standby counsel, Mr. Cardwell, told the Defendant in April 2014 (1) that he is personal friends with this judge and that his brother was a roommate with this judge in college, and (2) that this judge has Parkinson's disease. Based upon these assertions, the Defendant contends that this judge is biased and prejudiced against him for filing a motion to sanction Mr. Cardwell and for exposing an alleged "conspiracy to cover up the overarching fact that I was tortured . . . ."

As stated above, the court has already denied the motion for sanctions against Mr. Cardwell. The undersigned judge is not biased and prejudiced against the Defendant for filing a motion for sanctions against Mr. Cardwell. However, the court finds no merit in that motion.

Further, the fact that the court places great confidence in Mr. Cardwell's abilities as a lawyer supports the court's decision to appoint Mr. Cardwell as the Defendant's standby counsel. Because Mr. Cardwell does a good job for his clients, the court appointed him standby counsel to assist in the efficient disposition of this case. *See* Dkt. 137. Although this judge admires Mr. Cardwell's abilities and considers Mr. Cardwell, among many other lawyers, to be a friend, our relationship is purely professional. This judge is not so close to Mr. Cardwell that the court would be offended by the Defendant's motion for sanctions even if the motion had merit.

Finally, this judge was not a roommate with Mr. Cardwell's brother in college, the Defendant's assertion notwithstanding. This judge does not even know if Mr. Cardwell has a brother. And, this judge has never been diagnosed with Parkinson's disease. Further, such an allegation would have no bearing on whether this judge has any bias against the Defendant.

Although health issues are private matters, in order to set the record straight for this Defendant, this judge has had for many years an "essential" or "familial" head tremor, which the Defendant may have noticed during hearings. To his knowledge, this judge does not have Parkinson's, which also causes tremors but is a different type of movement disorder.

The court construes this motion as a motion to recuse under both 28 U.S.C. 144 and 455. The court finds that the motion to recuse under 28 U.S.C. 455 should be **DENIED**. In light of the true facts as set forth above, this judge's impartiality could not reasonably be questioned. Further, as previously stated, this judge does not in fact have any personal bias or prejudice against the Defendant. Also, the motion under either section 144 or 455 is untimely. The Defendant's Declaration states that Mr. Cardwell told the Defendant about (1) his personal friendship with this judge and (2) this judge's Parkinson's back in April of 2014. The Defendant did not file this motion until April 6, 2015. The court finds that a one year delay is untimely. *See In Re Katrina Canal Breaches Litigation*, 351 F. App'x 938, 944 (5th Cir. 2009) (stating that "motions for recusal under 28 U.S.C. 144 or 455 must be timely. . . A timely motion to recuse is one filed 'at the earliest moment after knowledge of the facts demonstrating the basis' for recusal") (citing *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994); *see also Hill v. Breazeale*, 197 F. App'x 331, 335 (5th Cir. 2006) (stating that ". . . the most egregious delay occurs when a party knows the facts and circumstances of the judge but does not raise the issue of recusal until after the judge makes an adverse decision"). Here, this judge has earlier denied several of the Defendant's motions. Moreover, the court notes that the Defendant states that he knew about the two bases for his motion to recuse in April 2014, before the Defendant's trial began on June 30, 2014 presided over by this judge. Yet, the Defendant did not raise his motion to recuse at that time, further indicating the untimeliness of the instant motion.

*See United States v. York*, 888 F. 2d 1050, 1056 (5th Cir. 1989). For these reasons, the

Defendant's motion to recuse (Dkt. 191) is **DENIED**.

Defendant's "Motion for Independent Medical Examination of Defendant's Severe

Permanent Torture Injuries" (Dkt. 193) is **DENIED**. In three prior orders, the United States

Magistrate Judge has denied Defendant's motions asking the court to appoint experts to testify

regarding his injuries and whether those injuries are evidence of police misconduct. *See* Dkts. 97,

128, and 129. The Magistrate Judge denied those motions explaining that "although 18 U.S.C. §

3006A allows for court-payment of certain expert services necessary for adequate representation,

the Court cannot evaluate such a request without an identified expert and without the expected

costs and hourly rates of such an expert." Dkt. 128. Although Defendant has not requested the

appointment of an expert under Federal Rule of Evidence 706, Rule 706 allows the court to

appoint an expert "[o]n a party's motion or on its own." "Rule 706 contemplates the appointment

of an expert to aid the court." *Hannah v. United States*, 523 F.3d 597 (5th Cir. 2008). Defendant

has not put forth any evidence or argument that expert testimony will aid the court in assessing

his sentence, indeed, he argues that "an independent medical examination will prove all of the

misconduct in this case, an independent medical examination will get this case *dismissed*." Dkt.

193 at 2 (emphasis added). Defendant has voluntarily entered a guilty plea in this matter, the

only issue left for determination by the court is the appropriate sentence. Defendant contends that

an independent medical examination is necessary "to prove that he was tortured almost to death

by 3 Plano police officers for a forced confession, and that his medical records were doctored to

cover it all up." Dkt. 193 at 1. However, the court has already considered and denied Defendant's

Motion to Suppress (Dkt. 94) on that same basis. *See* Dkts 119, 152. After a hearing, the United

States Magistrate Judge found that "[a]s to his allegations of torture, there is no evidence before

the Court that would substantiate Defendant's claims or any evidence that would show that Defendant was physically harmed in any way by the officers interviewing him on three separate days—one of which Defendant initiated." Dkt. 119 at 7. Accordingly, the United States Magistrate Judge found "that the statements Defendant seeks to suppress were made after clear *Miranda* warnings were administered and knowingly and voluntarily waived." Dkt. 119 at 7.

Defendant's "Motion to Disqualify and Exclude All Information and Evidence from the Old Postplea Debriefing" (Dkt. 195) is **DENIED**. Defendant has not put forth any argument or evidence that would show that the Government's use of evidence obtained with the Defendant's cooperation in 2013 would breach the 2014 plea agreement. *See United States v. Thompson*, 456 F. App'x 508, 510 (5th Cir. 2012). Nothing in either the repudiated 2013 Plea Agreement (Dkt. 43) or in the 2014 Plea Agreement (Dkt. 163) appears to require the Government to refrain from offering evidence obtained from the Defendant's debrief in connection with sentencing.

The last motion currently pending is the Defendant's "Motion to Reset and Continue Date of Sentencing Hearing" (Dkt. 194) filed April 6, 2015. The Defendant changed his plea to guilty at the end of the first day of trial on June 30, 2014. The final presentence investigation report (PSR) was filed on March 9, 2015, and the court issued a notice on March 13, 2015 setting the Defendant's sentencing hearing for April 16, 2015. The Defendant contends that he has not had enough time to prepare for the hearing since receiving the PSR on or about March 9, 2015.

His motion for a continuance contains five numbered arguments. First, the Defendant maintains that he needs more time to gather evidence to counter the Government's assertion and the PSR's conclusion that terrorism enhancement under section 3A1.4 of the U. S. Sentencing Guidelines applies to him. In numbered paragraph 1, he states that he needs more time to gather his past tax returns to show that he has paid his taxes as required by law. In numbered paragraph

2, he states that he needs more time to locate witnesses to help him show that his motivation for committing the crime in Count Two of the Superseding Indictment to which he has plead guilty was not "to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" as set forth in 18 U.S.C. § 2332b(g)(5). *See* U.S. SENTENCING GUIDELINES MANUAL § 3A1.4 cmt. n.1 (2014). In numbered paragraph 3, he states that he needs time to get a courtroom Mandarin Chinese interpreter and fill out the CJA Forms 21 and 23. In numbered paragraph 4, he states that there are currently over 10 motions outstanding that the court has not resolved, and he needs a ruling sufficiently in advance of the sentencing hearing so that he can adequately prepare for the hearing. And, in numbered paragraph 5, he states that he was not asked by the court about when to schedule the sentencing hearing.

Addressing the Defendant's last complaint about the current sentencing hearing, the court does not usually ask the parties about when to schedule sentencing hearings. There are simply too many sentencing hearings for the court to contact the parties before setting a hearing. If the defendant or his lawyer or the AUSA is unavailable, any one of them may of course file a motion to continue the sentencing.

Regarding his other four grounds for a continuance, the Defendant does not need a continuance to obtain a Mandarin Chinese interpreter. The court will do that for him now that the court is aware that his witnesses, one of which will be the Defendant's father according to the Defendant, need a Mandarin Chinese interpreter. Also, there is now no reason to continue the sentencing hearing based upon pending motions. This order disposes of all currently pending motions. However, the Defendant requests that the court's rulings on his motions be provided to him in sufficient time so that he will "know where he stands so that he can adequately prepare

for his sentencing hearing." Dkt. 194 at 3. This is a reasonable request. The court is today completing work on the last 10 out of many motions the Defendant has filed. Due to a lengthy civil trial in February and part of March and due to time necessarily spent on civil motions in March, this is the first opportunity the court has had to address the Defendant's numerous remaining motions. Nevertheless, this order will have to be sent to him by regular mail due to the fact that he is incarcerated and therefore will not reach him for two or three days. Also, although the Defendant has had since March 9, 2015 to organize his evidence for the hearing, the Defendant states that he needs more time to obtain witnesses and his tax returns in connection with the terrorism enhancement. Therefore, the Defendant's "Motion to Reset and Continue Date of Sentencing Hearing" (Dkt. 194) is **GRANTED**. The sentencing hearing is hereby rescheduled for **Tuesday, May 6, 2015 at 9:00** am in order to give the Defendant more time to prepare.

Because the Defendant has filed so many motions and objections requiring the court to devote many hours to preparing orders resolving those motions and requiring the U. S. probation officer to devote many hours to responding to numerous separate filings by the Defendant concerning objections to the PSR, the court hereby sets a deadline of Friday, April 24, 2015 for the filing of any further motions or objections by the Defendant, the grounds for which could have been anticipated before April 24, 2015. As with the Defendant's request for more time to prepare for the hearing, this deadline will give the court and the probation officer sufficient time to consider and resolve any newly filed motions or objections by the Defendant after today.

IT IS SO ORDERED.

**SIGNED this the 14th day of April, 2015.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE